Rose Marie WIRSHING, Plaintiff

v.

BANCO SANTANDER DE PUERTO RICO, et al., Defendants.

Civil No. 11–2073 (GAG).

United States District Court, D. Puerto Rico.

Signed Sept. 25, 2014.

Luis F. Del–Valle–Emmanuelli, Del Valle Emanuelli Law Offices, Carolina, PR, for Plaintiff.

Carlos E. George–Iguina, Alberto Jose Bayouth–Montes, Joanna B. Matos–Hicks, O'Neill & Borges LLC, San Juan, PR, for Defendants.

## *ORDER*

GUSTAVO A. GELPI, District Judge.

Upon recent examination of the record of this case, specifically the parties' legal theories contained in the Joint Pretrial Memorandum (Docket No. 66) and Proposed Jury Instructions (Docket No. 101), the undersigned has noticed that the parties appear to be arguing two different legal theories for the Plaintiff's retaliation cause of action. As such, it takes this opportunity to explain the legal frameworks that will be set forth at trial, which are also outlined in the Jury Instructions at Docket No. 115.

In seeking redress from the Defendant, the Plaintiff has two alternative theories

that she can advance to prove her retaliation cause of action. Both theories require the plaintiff to prove the three elements of retaliation, i.e., that (1) she engaged in protected conduct; (2) she experienced an adverse employment action; and (3) there was a causal connection between the protected conduct and the adverse employment action, but each theory differs in how the Plaintiff seeks to prove the second element.

## A. Hostile Work Environment

 First, the Plaintiff can seek to satisfy the adverse employment action element by arguing that the Defendant created a hostile work environment after she complained about Aveleyra's alleged harassment. As the Plaintiff set forth in her opposition to the Defendant's motion for summary judgment (Docket No. 35) and the Joint Pretrial Memorandum, the First Circuit has made clear that the adverse employment action requirement of the retaliation test may be satisfied by showing the creation of a hostile work environment or the intensification of a pre-existing hostile environment. *See Quiles–Quiles v. Henderson,* 439 F.3d 1, 8 (1st Cir.2006) (citing *Noviello v. Boston,* 398 F.3d 76, 89 (1st Cir.2005)). Thus, the Plaintiff will have to prove (1) that she was subjected to severe or pervasive harassment that materially altered the conditions of her employment and (2) that the harassment was objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the she in fact did perceive to be so. *Noviello,* 398 F.3d at 92. "In determining whether a reasonable person would find particular conduct hostile or abusive, [the jury] must mull the totality of the circumstances, including factors such as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive

utterance; and whether it unreasonably interferes with an employee's work performance.... The thrust of this inquiry is to distinguish between the ordinary, if occasionally unpleasant, vicissitudes of the workplace and actual harassment." *Id.* "Of course, no pat formula exists for determining with certainty whether the sum of harassing workplace incidents rises to the level of an actionable hostile work environment.... Such a determination requires the [jury] to assess the matter on a case-by-case basis, weighing the totality of the circumstances." *Id.* at 94.

 The Plaintiff must then prove to the jury that the retaliatory harassment was severe or pervasive enough that it would dissuade a reasonable worker from supporting the previously made charge of discrimination, thus amounting to a materially adverse employment action. *Id.* at 92. Thereafter, the Plaintiff has the burden of proving that she was subjected to the adverse employment action because of her complaints made, i.e., that such adverse employment action would not have occurred but for her complaints. *See Univ. of Texas Sw. Med. Ctr. v. Nassar,* ── U.S. ──, 133 S.Ct. 2517, 2532–33, 186 L.Ed.2d 503 (2013). With respect to harassment by coworkers, as opposed to supervisors, the Plaintiff must also prove that the Defendant knew or should have known about the retaliatory harassment and it failed to implement prompt and appropriate corrective action. *See Noviello,* 398 F.3d at 95; *White v. N.H. Dep't of Corr.,* 221 F.3d 254, 261 (1st Cir.2000).

 Once the Plaintiff argues the *prima facie* case of retaliation, the burden shifts to the Defendant. It may seek to demonstrate that there was a legitimate, non-discriminatory reason for the adverse employment action, *see Sánchez–Rodríguez v. AT & T Mobility Puerto Rico, Inc.,*

673 F.3d 1, 13–14 (1st Cir.2012), and/or assert the affirmative *Faragher/Ellerth* defense, where it must show that it exercised reasonable care to prevent and correct promptly the retaliatory harassment and that the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Defendant or to avoid harm otherwise. *Noviello,* 398 F.3d at 94–95. The burden then returns to the Plaintiff to show that the non-discriminatory reason was merely a pretext for discrimination, *see Sánchez–Rodríguez,* 673 F.3d at 13–14, and/or rebut the Defendant's *Faragher/Ellerth* defense.

### B. Unfulfilled Threats

■ The second theory that the Plaintiff can advance is where she seeks to satisfy the adverse employment action element of her retaliation claim by proving that that the Defendant retaliated against her when González and Valentín made the unfulfilled threats to her. Rather than looking to the alleged incidents *in toto,* the Plaintiff can argue that those particular incidents by themselves amounted to a material adverse employment action. The undersigned recognizes that neither the United States Supreme Court nor the First Circuit Court of Appeals have addressed whether unfulfilled threats by a supervisor can amount to a materially adverse employment action. However, this court held in its Opinion and Order at Docket No. 59 that such threats could be actionable under Title VII and that a question of fact exists as to whether both González's and Valentín's unfulfilled threats were adverse employment actions that could well dissuade a reasonable worker from supporting such a charge of discrimination.

■ In this year, the fiftieth anniversary of President Lyndon B. Johnson signing into law the Civil Rights Act of 1964, of which Title VII is a part, the federal courts continue to construe the anti-retaliation provision to cover a broad range of employer conduct. This construction is a result of not only the broad language of the anti-retaliation provision, but the remedial nature and primary objective of the statute: to prevent employers from interfering, through retaliation, with an employee's efforts to secure or advance the enforcement of Title VII's basic guaranties. *See Burlington Northern & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 63–67, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); *see also Thompson v. North Am. Stainless, LP,* 562 U.S. 170, 131 S.Ct. 863, 868, 178 L.Ed.2d 694 (2011) (noting broad construction of anti-retaliation provision to cover broad range of employer conduct and holding that firing of employee's fiancé constituted unlawful retaliation); *Billings v. Grafton,* 515 F.3d 39, 54–55 (1st Cir.2008) (holding that investigating, reprimanding, and charging the plaintiff with personal time to attend deposition for present case could well dissuade reasonable employee from making or supporting a charge of discrimination).

■ Once the Plaintiff sets forth her *prima facie* case of this theory of retaliation, the burden shifts to the Defendant. It must demonstrate that there was a legitimate, non-discriminatory reason for the adverse employment action, *see Sánchez–Rodríguez,* 673 F.3d at 13–14, and/or assert the affirmative *Faragher/Ellerth* defense. *Noviello,* 398 F.3d at 94–95. The burden then returns to the Plaintiff to show that the non-discriminatory reason was merely a pretext for discrimination, *see Sánchez–Rodríguez,* 673 F.3d at 13–14, and/or rebut the Defendant's *Faragher/Ellerth* defense.

**SO ORDERED.**